IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**STEVEN PUSKA**                                                                                         **PLAINTIFF**

v.                    Case No. 1:23-CV-<u>1082</u>

**RAYTHEON COMPANY**                                                                           **DEFENDANT**

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Steven Puska, by and through his attorneys Chris Burks and Lindsey Noe of WH LAW, for his Original Complaint against Raytheon Company, he does hereby state and allege as follows:

**I. PRELIMINARY STATEMENTS**

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in his constructive termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of his sex, which is male.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and ACRA, as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as Title VII claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the El Dorado Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to Title VII and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Ouachita County, Arkansas.

12. Plaintiff Steven Puska was hired by Defendant on or about December 7, 2020.

13. He was employed as a production worker.

14. Plaintiff was constructively terminated from his employment with Defendant on April 7, 2023.

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII and ACRA.

16. Defendant Raytheon Company is a foreign for-profit corporation that is licensed and registered to do business in the State of Arkansas.

17. Defendant Raytheon Company can be served through its agent for service in Arkansas, CT Corporation System, located at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

18. Defendant Raytheon Company is an "employer" within the meanings set forth in Title VII and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. Plaintiff was hired by Defendant on or about December 7, 2020, as a production worker.

21. On or about December 15, 2021, Plaintiff was promoted to a lead position.

22. The day after Plaintiff was promoted to a lead position, Plaintiff began being harassed by female coworkers who were employed as production leads.

23. This harassment was severe and pervasive enough to make the workplace hostile to Plaintiff.

24. These female coworkers observed Plaintiff constantly while he was working, took actions to inhibit him from performing his job duties, and made false accusations against him, such as accusing Plaintiff of making errors at work that he did not make.

25. These female coworkers were openly disrespectful and hostile toward Plaintiff, including gossiping about him and spreading rumors about him in the workplace in an attempt to humiliate and degrade Plaintiff.

26. At one point, Plaintiff's female coworker made a statement that Plaintiff came out of their male manager's office "from under [their manager's] desk, cleaning off his mouth," implying that Plaintiff participated in a sexual encounter with their manager, which was untrue.

27. After months of harassment, Plaintiff, the female coworkers, and Defendant's management had a meeting where they discussed the ongoing situation between Plaintiff and these coworkers.

28. This resulted in Plaintiff being written up for supposedly performing a task incorrectly (using the wrong tape on a task and using soap to smooth a sealant on a product), even though the facility's inspector reviewed Plaintiff's work and said it was correct.

29. Plaintiff repeatedly reported his issues with his coworkers to Defendant's management.

30. When Plaintiff made these reports, Defendant's building manager responded to Plaintiff that the manager "didn't know how to handle" these female employees.

31. In addition to making multiple reports to his on-site managers and supervisors, Plaintiff escalated his reports to Defendant's corporate human resources department and ethics line.

32. Defendant failed to take any action to address the female coworkers' constant harassment toward Plaintiff, even though they were aware, due to Plaintiff's reports, that it was severe and pervasive.

33. In January 2023, Plaintiff was demoted from his lead position and his pay was cut.

34. The harassment from his female workers continued, to the point Plaintiff experienced so much stress, fear, and anxiety in his position that he was unable to continue working there.

35. Plaintiff's performance in his position was good and Plaintiff had received positive job evaluations.

36. However, Plaintiff was unable to continue working in this position due to the ongoing harassment from his female coworkers and Defendant's failure to address Plaintiff's repeated complaints about said harassment.

37. Plaintiff was constructively terminated on April 7, 2023.

38. As a result of the ongoing discrimination Plaintiff experienced as a result of his sex, which is male, Plaintiff was terminated from his employment on April 7, 2023.

### V. FIRST CLAIM FOR RELIEF – Title VII Claims

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted his administrative remedies.

41. Defendant engaged in unlawful employment practices at their facility in Camden, Arkansas, in violation of 42 U.S. Code §2000e-2.

42. Specifically, and as detailed above, Plaintiff, who is male, was constructively terminated as a result of ongoing harassment based on his gender, which is male.

43. Plaintiff experienced such severe and pervasive harassment that it resulted in a hostile workplace.

44. Plaintiff reported the ongoing harassment from his coworkers to Defendant multiple times, however Defendant failed to take any action to resolve Plaintiff's complaints.

45. Plaintiff was demoted and his pay was reduced after making complaints about harassment and discrimination.

46. Defendant employs female employees who were not subject to the same treatment that Plaintiff experienced during his employment.

47. As a result, Plaintiff was treated disparately from Defendant's female employees.

48. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

49. However, Plaintiff was constructively terminated from his position on April 7, 2023, due to the ongoing harassment and resulting hostile workplace.

50. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his gender.

51. The unlawful employment practices complained of above were and are intentional.

52. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

53. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of Title VII, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VI.    SECOND CLAIM FOR RELIEF – ACRA Claims

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted his administrative remedies.

56. Defendant engaged in unlawful employment practices at their facility in Camden, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

57. Specifically, and as detailed above, Plaintiff, who is male, was constructively terminated as a result of ongoing harassment based on his gender, which is male.

58. Plaintiff experienced such severe and pervasive harassment that it resulted in a hostile workplace.

59. Plaintiff reported the ongoing harassment from his coworkers to Defendant multiple times, however Defendant failed to take any action to resolve Plaintiff's complaints.

60. Plaintiff was demoted and his pay was reduced after making complaints about harassment and discrimination.

61.     Defendant employs female employees who were not subject to the same treatment that Plaintiff experienced during his employment.

62.     As a result, Plaintiff was treated disparately from Defendant's female employees.

63.     At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

64.     However, Plaintiff was constructively terminated from his position on April 7, 2023, due to the ongoing harassment and resulting hostile workplace.

65.     The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his gender.

66.     The unlawful employment practices complained of above were and are intentional.

67.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

68.     Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of ACRA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Steven Puska respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(D) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(E) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

 Steven Puska, PLAINTIFF

wh Law
North Little Rock Office
501.888.4357

By:   Chris Burks (ABN: 2010207)
chris@wh.law
Lindsey Noe (ABN: 2009209)
lindsey@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114